**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

| | |
|---|---|
| Anthony Kenneth Anderson, | Case No. 2:22-cv-00127-RFB-BNW |
| Plaintiff, | |
| v. | **ORDER** |
| State of NV, *et al*., | |
| Defendants. | |

The Court previously granted Plaintiff's application to proceed *in forma pauperis* and screened his complaint. ECF Nos. 4, 6. The Court dismissed his complaint without prejudice and with leave to amend. ECF No. 4. Since then, Plaintiff filed two amended complaints, with the most recent being filed on March 2, 2022. *See* ECF Nos. 7, 9. The Court now screens Plaintiff's most recently filed amended complaint (ECF No. 9).

I.   **ANALYSIS**

   **A. Screening standard**

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes *pro se* complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

1    In considering whether the complaint is sufficient to state a claim, all allegations of

2    material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler*

3    *Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted).

4    Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff

5    must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S.

6    544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.*

7    Unless it is clear the complaint's deficiencies could not be cured through amendment, a pro se

8    plaintiff should be given leave to amend the complaint with notice regarding the complaint's

9    deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

10   **B.  Screening the Complaint**

11   What exactly Plaintiff is alleging and trying to bring suit for is unclear. *See* ECF No. 9. It

12   is also unclear which defendants Plaintiff is trying to sue, as he lists several defendants in the case

13   caption, as well as others with the labels "Third Party" and "Real Party of Interest." *See id.* at 1.

14   While Plaintiff references violations of many laws, he does not break his complaint into counts or

15   claims against specific defendants. *See id.* Even liberally construing Plaintiff's complaint, the

16   Court is unable to determine exactly what claims Plaintiff is attempting to allege against which

17   defendants and cannot evaluate whether Plaintiff states any claims for relief. Accordingly, the

18   Court will dismiss Plaintiff's complaint without prejudice and with leave to amend to file a more

19   manageable complaint. *See Dietz v. Bouldin*, 136 S.Ct. 1885, 1891 (2016) (holding that the

20   Supreme Court "has long recognized that a district court possesses inherent powers that are

21   'governed not by rule or statute but by the control necessarily vested in courts to manage their

22   own affairs so as to achieve the orderly and expeditious disposition of cases.'").

23   To help Plaintiff file a properly formatted complaint, the Court advises Plaintiff, again, of

24   the following requirements under the Federal Rules of Civil Procedure. Plaintiff is also advised

25   that failure to comply with these rules when drafting and filing his next amended complaint will

26   result in a recommendation that this action be dismissed.

27   First, Plaintiff is advised that he must specify which claims he is alleging against which

28   defendants. Although the Federal Rules of Civil Procedure adopt a flexible pleading policy,

1   Plaintiff still must give defendants fair notice of each of the claims he is alleging against each

2   defendant. Specifically, he must allege facts showing how each named defendant is involved and

3   the approximate dates of their involvement. Put another way, Plaintiff should tell the Court, in

4   plain language, what each defendant did to him and when. "While legal conclusions can provide

5   the framework of a complaint, they must be supported with factual allegations." *Ashcroft v. Iqbal*,

6   556 U.S. 662, 679 (2009).

7        Second, Plaintiff's amended complaint must be short and plain. The simpler and more

8   concise Plaintiff's complaint, the easier it is for the Court to understand and screen it. The Federal

9   Rules also require this. Under Federal Rule of Civil Procedure 8, Plaintiff's amended complaint

10   must contain "a short and plain statement of the claim showing that [Plaintiff] is entitled to

11   relief." Fed. R. Civ. P. 8(a)(2). "Each allegation must be simple, concise, and direct." Fed. R.

12   Civ. P. 8(d)(1).  "A party must state its claims or defenses in numbered paragraphs, each limited

13   as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). "[E]ach claim

14   founded on a separate transaction or occurrence . . . must be stated in a separate count." *Id.*

15        Third, Plaintiff may not raise multiple unrelated claims in a single lawsuit. The Federal

16   Rules of Civil Procedure do not permit a litigant to raise unrelated claims involving different

17   defendants in a single action. A basic lawsuit is a single claim against a single defendant. Federal

18   Rule of Civil Procedure 18(a) allows a plaintiff to add multiple claims to the lawsuit when those

19   claims are against the same defendant. Federal Rule of Civil Procedure 20(a) allows a plaintiff to

20   add multiple parties to a lawsuit where the right to relief arises out of the "same transaction,

21   occurrence, or series of transactions or occurrences." Fed. R. Civ. P. 20(a)(2)(A). "However,

22   unrelated claims that involve different defendants must be brought in separate lawsuits." *Bryant v.*

23   *Romero*, No. 1:12-CV-02074-DLB PC, 2013 WL 5923108, at *2 (E.D. Cal. Nov. 1, 2013) (citing

24   *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007)). This rule is intended to avoid confusion,

25   which arises out of bloated lawsuits.

26        Lastly, Plaintiff's amended complaint must be complete in and of itself. If Plaintiff

27   chooses to file an amended complaint, he is advised that an amended complaint supersedes the

28   original complaint and, thus, the amended complaint must be complete by itself. *See Hal Roach*

*Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (holding that for claims dismissed with prejudice, a plaintiff is not required to reallege such claims in a subsequent amended complaint to preserve them for appeal). Plaintiff's amended complaint must contain all claims, defendants, and factual allegations that Plaintiff wishes to pursue in this lawsuit. Moreover, Plaintiff must file his amended complaint on this Court's approved form, which the Clerk of Court will send Plaintiff.

## II.    CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's complaint (ECF No. 9) is dismissed without prejudice and with leave to amend.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail Plaintiff a copy of the prisoner, *pro se* form complaint.

**IT IS FURTHER ORDERED** that if Plaintiff chooses to amend his complaint, he must do so by April 25, 2022. If Plaintiff chooses not to amend his complaint, this Court will recommend that his case be dismissed.


DATED: March 28, 2022.

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE