UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Anthony Kenneth Anderson, | Case No. 2:22-cv-00127-ART-BNW |
| Plaintiff, | |
| v. | ORDER AND REPORT AND RECOMMENDATION |
| State of NV, *et al.*, | |
| Defendants. | |

There are several matters pending before the Court. The Court addresses each in turn.

**I.    Second Amended Complaint (ECF No. 14)**

This Court previously dismissed without prejudice two of Mr. Anderson's prior complaints. ECF Nos. 4, 13. When dismissing the complaints, the Court explained that it was not clear who Mr. Anderson intended to sue or the claims he was attempting to allege. Since then, he filed a Second Amended Complaint. ECF No. 14.

The Second Amended Complaint makes clear that Mr. Anderson intends to sue the State of Nevada and Charles Thompson by bringing claims under 42 U.S.C. § 1983. All claims are predicated on his belief that Charles Thompson, who signed his judgment of conviction in relation to criminal Case No. C-10-268406, was not authorized to act as a judge. As will be explained below, the Court takes judicial notice of the fact that Charles Thompson was a judge at the Nevada Eighth Judicial District Court when Mr. Anderson's judgment of conviction was signed. Given that in § 1983 claims, the State of Nevada is not a proper defendant and that judges are immune from prosecution, the Court recommends the complaint be dismissed with prejudice.

**A.    Legal Standard**

Courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek

monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). In addition to the screening requirements under § 1915A, the Prison Litigation Reform Act requires a federal court to dismiss a prisoner's claim if it "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *accord* Fed. R. Civ. Proc. 12(b)(6).

Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes *pro se* complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear the complaint's deficiencies could not be cured through amendment, a *pro se* plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

**B.     Screening**

As an initial matter, the State of Nevada is not a proper defendant in this case. "To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of State law." A state, its agencies, and its officials acting in their official capacity are not considered "persons" for purposes of § 1983 and therefore cannot be sued thereunder. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Wolfe v.*

*Strankman*, 392 F.3d 358, 364 (9th Cir. 2004). In addition, with respect to federal court cases, the State of Nevada does not waive its immunity from suit conferred by the Eleventh Amendment. Nev. Rev. Stat. § 41.031(3); *see also O'Connor v. State of Nev.*, 686 F.2d 749, 750 (9th Cir. 1982) (holding that "Nevada has explicitly refused to waive its immunity to suit under the eleventh amendment . . . The Supreme Court has made it clear that section 1983 does not constitute an abrogation of the eleventh amendment immunity of the states").

Further, certain categories of government officials are protected from § 1983 claims by absolute immunity. *See Forrester v. White*, 484 U.S. 219, 225-26 (1988). Absolute immunity applies when judges perform "judicial acts." *See Stump v. Sparkman*, 435 U.S. 349, 359 (1978). Judicial acts include those that are "normally performed by a judge." *Id*. at 362. Judicial immunity attaches even if a judge's act involves grave procedural errors, exceeds the judge's authority, or is erroneous. *Id*. at 356, 359; *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986). Given that the signing of a judgment of conviction is a judicial act, Judge Thompson is immune from suit.

The Court acknowledges that Plaintiff argues that Charles Thompson should not be considered a "judge." But the Court takes judicial notice of that fact that he was a Senior Judge at the Nevada Eighth Judicial District Court at the time Plaintiff's judgment of conviction was signed (and that he continues to be one to this day). Thus, given the laws surrounding immunities, Judge Thompson is not a proper defendant either.

Because the Court does not believe the deficiencies in Plaintiff's Second Amended Complaint can be cured, the Court **RECOMMENDS** that it be **DISMISSED WITH PREJUDICE**.[1]

**II.   Notice of Motion to Correct Harmful Error (ECF No. 15)**

Plaintiff's motion explains that the Court previously screened the wrong complaint. But the Court screened the proper complaint, as the amended complaint at ECF No. 9 was filed after

---

[1] An *in forma pauperis* complaint is frivolous when it has "no arguable basis in fact or law." *See O'Loughlin v. Doe*, 920 F.2d 614, 617 (9th Cir. 1990). "A factual frivolousness finding is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

the one filed at ECF No. 7. In any event, this issue is now moot given Plaintiff has since filed a Second Amended Complaint (discussed above).

As a result, the court will **DENY** this motion as moot.

### III.  Motion For Preliminary Injunction (ECF No. 12)

Mr. Anderson moves for a preliminary injunction seeking to be relieved from the "unconstitutional restraint from liberty." ECF No. 12.[2] Mr. Anderson has not shown a likelihood of success on the merits of his claims. On this basis, the Court will recommend the denial of this motion.

#### A.  LEGAL STANDARD

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). To obtain this extraordinary remedy, a plaintiff must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm without preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest. *Id.*

#### B.  DISCUSSION

In his motion, Mr. Anderson cites to the U.S. Constitution, *Dred Scott,* and "Jim Crow" laws (among others) to explain how his life (and his family's) has been affected by them. It appears Mr. Anderson seeks relief from incarceration by pointing to what he construes as unconstitutional actions by Charles Thompson.

As discussed above, Mr. Anderson cannot establish he is likely to succeed on the merits. In addition, he cannot establish that he is likely to suffer irreparable harm without preliminary relief. As explained above, the facts underlying his claim—that Charles Thompson was not a proper judge—are incorrect. For these reasons, the equities tip in favor of denial of this motion, and an injunction would not be in the public interest.[3] Accordingly, the Court will recommend that this motion be denied.

---

[2] Mr. Anderson filed this exact same motion at ECF No. 20.

[3] Incidentally, it appears Mr. Anderson's Motion for Preliminary Injunction seeks relief from incarceration. In support of the relief sought, he claims the judgment of conviction (responsible for his current incarceration) is invalid because the person who signed it was not a proper judge. Under *Heck v.*

**IV.     Remaining Motions at ECF Nos. 16, 19, 20, 21, and 22**

The remaining motions relate in some capacity or another to the request for preliminary injunction. ECF No. 16 is a motion requesting that the Court act in relation to the motion for preliminary injunction. ECF No. 19 is a motion notifying the Court of his request for preliminary injunction. ECF No. 20 is a duplicate of ECF No. 12, which is a motion for preliminary injunction. ECF No. 21 is another motion requesting that the Court act on the motion for preliminary injunction. Although less clear, ECF No. 22 also appears to alert the Court to the motion for preliminary injunction. Given the recommendation to deny Mr. Anderson's motion for preliminary injunction (at ECF No. 12), the Court **RECOMMENDS** that EFC Nos. 16, 19, 20, 21, and 22 be **DENIED** as moot.

**V.      CONCLUSION**

**IT IS THEREFORE RECOMMENDED** that Mr. Anderson's Second Amended Complaint (ECF No. 14) be **DISMISSED WITH PREJUDICE.**

**IT IS ORDERED** Mr. Anderson's Notice of Motion to Correct Harmful Error (ECF No. 15) is **DENIED** as moot.

**IT IS FURTHER RECOMMENDED** that Mr. Anderson's Motion for Preliminary Injunction (ECF No. 12) be **DENIED**.

**IT IS FURTHER RECOMMENDED** that Mr. Anderson's remaining motions at ECF Nos. 16, 19, 20, 21, and 22 be **DENIED** as moot.

**NOTICE**

This report and recommendation is submitted to the United States district judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely

---

*Humphrey*, 512 U.S. 477, 483-87 (1994) a party who was convicted of a crime is barred from bringing a suit under § 1983 if a judgment in favor of that party would necessarily imply the invalidity of the conviction or sentence. *See Whitaker v. Garcetti*, 486 F.3d 572, 581 (9th Cir. 2007) (citing *Heck*, 512 U.S. at 114). Accordingly, Mr. Anderson cannot obtain relief barred under § 1983 by way of a preliminary injunction.

objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: July 26, 2022.

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE