UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ANTHONY KENNETH ANDERSON,<br><br>      Plaintiff,<br> v.<br>STATE OF NEVADA, *et al.*,<br><br>      Defendants. | Case No. 2:22-cv-00127-ART-BNW<br><br>ORDER |

**I. SUMMARY**

*Pro se* Plaintiff Anthony Kenneth Anderson, who is an inmate in the custody of the Nevada Department of Corrections ("NDOC"), brings this action under 42 U.S.C. § 1983 against the State of Nevada and Charles Thompson. (ECF No. 14). Before the Court is a Report and Recommendation ("R&R") of United States Magistrate Judge Brenda Weksler (ECF No. 25), recommending the Court dismiss Anderson's Second Amended Complaint (ECF No. 14) with prejudice, deny Anderson's Motion for Preliminary Injunction (ECF No. 12), and deny Anderson's remaining miscellaneous motions (ECF Nos. 16, 19, 20, 21, and 22) as moot. Anderson filed an objection to the R&R. (ECF No. 28). The Court fully agrees with Judge Weksler's analysis. Accordingly, the Court will deny Anderson's motions and dismiss the case with prejudice.

**II. BACKGROUND**

The Court incorporates by reference Judge Weksler's recitation of Plaintiff's allegations in the second amended complaint, or "SAC," provided in the R&R, which the Court adopts. (ECF No. 25 at 1-3).

**III. LEGAL STANDARD**

This Court "may accept, reject, or modify, in whole or in part, the findings

or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the Court is required to "make a de novo determination of those portions of the [report and recommendation] to which objection is made." *Id.* The Court's review is thus de novo because Plaintiff filed his Objection. (ECF No. 28).

## IV. DISCUSSION

Anderson makes twelve arguments in his Objection, but—like the arguments in his Second Amended Complaint—all boil down to a common assertion: Anderson argues that he is entitled to monetary relief and a "personal injury injunction" releasing him from prison because, he believes, Nevada state Judge Charles Thompson was not a judge at the time he signed Anderson's judgment of conviction and, therefore Anderson's imprisonment is unconstitutional. (ECF No. 14 at 23; ECF No. 28 at 1-2, 4-6, 8, 10, 15). Put another way, Anderson argues that—because Judge Thompson signed his judgment of conviction, rather than Judge Donald Mosley—Anderson should be released from prison. (ECF No. 28 at 7, 10). The Court takes judicial notice of the fact that Charles Thompson was a judge at the Nevada Eighth Judicial District Court when Mr. Anderson's judgment of conviction was signed. Anderson's Objection is moot, however, as his complaint is fatally defective. In this action arising under § 1983, the State of Nevada is not a proper defendant, Judge Thompson is immune from prosecution, and Supreme Court precedent bars the relief Anderson seeks. Therefore, this Court adopts Judge Weksler's Report and Recommendation (ECF No. 25) in full, dismisses Anderson's Second Amended Complaint with prejudice, denies his Motion for a Preliminary Injunction (ECF No. 12), and denies his remaining motions as moot.

### A. The State of Nevada Is Not A Proper Defendant

Here, the State of Nevada is not a proper defendant for two reasons. First, § 1983 actions require plaintiffs plead two elements: (1) a constitutional violation

(2) by a "person" acting under the color of State law. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). States are not "persons" for purposes of § 1983, so a State cannot be named a defendant in a § 1983 action. *See Arizonans for Off. Eng. v. Arizona*, 520 U.S. 43, 69 (1997) (citing *Will*, 491 U.S. at 71). States are also immune from damages suits based in the Eleventh Amendment. *See Brooks v. Sulphur Springs Valley Elec. Coop.*, 951 F.2d 1050, 1053 (9th Cir. 1991) (observing that absent a state's consent, the Eleventh Amendment prohibits federal courts from hearing suits brought against a state). Because the State of Nevada is not a "person" under § 1983 and has not waived its Eleventh Amendment immunity from suit, *see* NRS § 41.031(3) ("[Nevada] does not waive immunity conferred by Eleventh Amendment."), Nevada cannot be sued as a defendant in federal court.

### B. Judge Charles Thompson Is Immune From Suit Under § 1983

Judge Charles Thompson is also immune from suit because "Judges are absolutely immune from damage actions for judicial acts taken within the jurisdiction of their courts." *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988) (per curiam) (citations omitted). Despite Anderson's arguments to the contrary, here Judge Charles Thompson was a judge at the Nevada Eighth Judicial District Court when Anderson's judgment of conviction was signed. The alleged failure by the Eighth Judicial District's public information officer to produce a copy of Judge Thompson's certificate of election does not prove Judge Thompson is not a lawfully elected judge. (ECF No. 28 at 15-16). Because signing a judgment of conviction is an act "normally performed by a judge," Judge Thompson is absolutely immune from suits related to this action. *See Stump v. Sparkman*, 435 U.S. 349, 362 (1978). Anderson's allegations that Judge Thompson acted fraudulently (ECF No. 28 at 9) do not change the analysis because judges retain their immunity even when they are accused of acting

maliciously or corruptly. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991) ("judicial immunity is not overcome by allegations of bad faith or malice. . . .").

### C. The Relief Anderson Seeks is Not Available Under § 1983

Anderson's request for release from custody is not an available from of relief under § 1983. Specifically, in his Second Amended Complaint, Anderson prays for damages and immediate release from NDOC custody (ECF No. 14 at 23), which he requests as a form of "personal injury injunction." (ECF No. 28 at 4-6). Release from custody is not available in a § 1983 action. A writ of habeas corpus is the only way to bring a claim challenging the fact of conviction or duration of confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). ("[W]e hold today that when a state prisoner is challenging the very fact or duration of his physical imprisonment. . . his sole federal remedy is a writ of habeas corpus."). Such relief (vacating a conviction or a speedier release from prison) cannot be pursed through a § 1983 action. *See Heck v. Humphrey*, 512 U.S. 477, 483–87 (1994). Here, Anderson prays for an injunction that would release him from custody. Therefore, he challenges "the very fact or duration" of his sentence, and his only remedy is a writ of habeas corpus.

### V. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the issues before the Court.

IT IS THEREFORE ORDERED THAT Plaintiff's objection (ECF No. 28) to the Report and Recommendation of U.S. Magistrate Judge Brenda Weksler is overruled. The Report and Recommendation (ECF No. 25) is therefore adopted in full.

IT IS FURTHER ORDERED THAT Anderson's Second Amended Complaint (ECF No. 14) be DISMISSED WITH PREJUDICE.

4

IT IS FURTHER ORDERED THAT Anderson's Motion for Preliminary Injunction (ECF No. 12) is DENIED.

IT IS FURTHER ORDERED THAT Mr. Anderson's remaining motions at ECF Nos. 16, 19, 20, 21, 22, 29, and 30 are DENIED as moot.

DATED THIS 3rd Day of October, 2022.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE